The next case is number 2009-5078 Strategic Housing v. United States Mr. Scott, whenever you're ready You are reserved 5 minutes rebuttal time Yes, your honor Thank you May it please the court, Mark Scott for the Strategic Housing Finance Corporation of Travis County I want to start today with 7422A and why that does not apply in this case Or should not apply in the way that the Department of Justice has suggested It's a little strange because I feel like I'm making the Department of Justice arguments In both in Clintwood, Elkhorn and in Radio Shack The Department of Justice argued strenuously that 6511A and 7422A work together as one team as part of a tax refund scheme 6511A of course is the statute of limitation for filing a tax refund claim And 7422A being the claim statute Now they're arguing that 6511A and 7422A do not work together But in Clintwood, Elkhorn, the Supreme Court looked at this issue and said that 6511A and 7422A are married 7422A, the claim requirement, would have no meaning whatever Citing Crider, it would have no meaning whatever if the tax statute 6511A did not also apply in this tax refund scheme Which they referred to 16 times in that opinion But 7422A, does that apply to all refunds from the IRS? Is that really a basic requirement of exhausting your administrative remedies before you can step in the court? Is that what the Supreme Court basically held in Elkhorn? It said that it applies to taxes, penalties and other sums And other sums has been defined to include interest on amounts due And it's also been defined to include, in Clintwood, Elkhorn, an amount that was not a tax Because it was not a constitutional tax, but it was in the guise of a tax Here what we're talking about, if you buy into the Department of Justice arguments Here what we're talking about is an item that is neither a tax, nor is it in the guise of a tax This is something that is not remitted by a taxpayer My client has not paid a tax, this is not a tax in any way whatsoever So this is a substantial extension of the Clintwood Elkhorn opinion and its interpretation of the word sum Now, if you agree with me, that the amount... Elkhorn didn't interpret the word sum, it interpreted whether or not those things at issue in Elkhorn fell within the definition of sum But I didn't understand it to be giving an exclusive definition that only these things fall within the word sum Am I misunderstanding Elkhorn? No, and I think there could be other items that have yet to be identified Like an arbitrage rebate? Excuse me? I said like an arbitrage rebate, for example I think arbitrage rebate is within the word sum because I think it's a tax If it's not a tax and it's a contractual payment There are a lot of people in the industry who think it's a contractual agreement between the U.S. government and my client If it's a contractual agreement, then I think that the standards under Kirkendall apply and no claim is required Because we're talking about a contractual dispute, we're not talking about a tax refund suit or a tax suit of any sort If it's a user fee, again, there are a lot of areas where the Internal Revenue Service collects amounts that have nothing to do with taxes They collect child support, they collect state taxes, they collect student loan debt All of these amounts under their interpretation of anything that the IRS collects is a sum Would be subject to the claim requirement Do we really want to apply the claim requirement to a dispute between a person and the federal government Over the amount of their student loan that happened to be collected by the Internal Revenue Service? Would you identify those as deposits rather than sums? How would you classify those? I think that anything that is remitted by, it's not a tax, it's not remitted by a taxpayer And that's a broad definition of taxpayer because the Supreme Court looked at Williams and made a broad definition of what a taxpayer is But if it's not a tax, it's not remitted by a tax, it's not an overpayment of tax of any sort That is not, including interest and including amounts in the guise of a tax is everything If it's not any of those, then it's excluded If it's a payment that's due to the government, the US Not that might be due to someone else collecting child support or otherwise Let's leave that out for the moment If in fact that payment is due to the United States government Is that considered a sum, a tax, a deposit or otherwise? How would you define it? I would have to first look and see how I define it What does it do? I mean if it's a contractual dispute If there's a payment due to the US government If a federal defense contractor owes a payment to the defense department under a federal contract And that happens to be collected by the Internal Revenue Service I don't see how that, a dispute between a federal contractor and the Department of Energy or the Department of Defense Should in any way whatsoever bring forth this claim requirement Just because it happens to be collected by the Internal Revenue Service Would it be helpful to identify it as a payment made under Title 26? There are a lot of payments made under Title 26 There are a lot of user fees It's pretty broad It's very broad And again, the student loan amounts, federal contract payments, child support All of that is collected under Title 26, Section 6402 So if you just say it's under Title 26 Then you are including contractual payments and user fees and everything else But an arbitrage payment strikes more like a tax To maintain the non-taxable aspect of the bond that's issued by the local municipality or local development corporation It's a tax on the income of people who issue, you know, state and local governments who issue bonds I mean, they are issuing bonds at 3% They're investing their proceeds at 4% The tax is on that 1% That's their income That's income And it's a tax on income And, you know, which is my position And I think that, so it's basically a tax disguised as a non-tax amount Because the federal government has been treating it as a non-tax amount If it is a tax though, then you're subject to 7422 If it's a tax, then it's very clear that what my client remitted was a deposit of a tax Because there's been no assessment There was a dispute over what amount was due It's an installment amount It's a tax amount Am I understanding your argument If this is a tax, it doesn't fall under 7422 But because your client is a non-profit, they don't owe taxes Give us the money back If it's a tax, then I'm saying it's a deposit If it's not a tax, then it's not subject to 7422 Mr. Scott, you also filed an administrative claim, correct? Yeah, afterwards, just so that we would start the period in case that we were dismissed We thought that at least we'd start this I understand We don't even know if there is a period of time Because 6532A, 7422A says you have to file a claim You can file a claim a minute before filing suit You don't have to give the IRS any sort of notice In fact, they don't have to receive the claim prior to the time you file suit 6532A is a provision that says you have to wait six months Only the taxpayers It says only the taxpayers and you're not a taxpayer This is where I got my whole non-profit, you want your money back if it's a tax idea So you would say 6532 doesn't apply to you As long as you file the administrative remedy request before, you could file one minute later Again, I think that just like 6511A, 6532A and 7422A have to work together These are coterminous provisions If 6532A applies, 7422A doesn't apply These provisions were enacted together in 1866 They were enacted together again in 1926 in section 1113 of the 1926 Act These provisions were in the same provision There was like one line and then the next line And then it wasn't until later on that they were split into two provisions But 6532A references 7422A Are you confronted by any statute of limitations problem here? I guess part of me is wondering when this defense was raised Why you just didn't say, okay, fine, boom, here's our administrative filing And then we'll file tomorrow in the CFC and now everything is hunky-dory Why continue to pursue this? The only thing I can think of is maybe you're time-barred somehow From at least some portion of what you would try and go back and do No, we're not time-barred at all There was a question of interest involved here Well, I think there is a question of interest Because the Internal Revenue Service has said, at least in proposed regulations Has said that there is no interest due on these deposits or whatever of rebate But if it's a tax, then maybe there is interest I mean, the reason I ask the question of whether you'd file the administrative claim Is I'm just wondering if we affirm Judge Sweeney's decision In what way is your client prejudiced? You could pursue the administrative claim And then if you're not happy, you can file suit, follow up on that The reason my client would be prejudiced is because we don't know what rules we're following under I mean, if you look at what the IRS has done and the Department of Justice has done over the years They have flip-flopped in 7422A at least a half a dozen times I didn't realize this until after I filed the suit But going back and looking at all their arguments and the cases they made years and years ago They flip-flopped back and forth on this issue time and time again They still haven't told us whether 6532A applies They may come in, for instance, and say Okay, you've waited six months since you filed your return, but 6532A doesn't apply There's some other standard that applies and you're still filing too soon Or they may say that we didn't file an appropriate claim You know, they're doing everything they can, it seems like, in this case to avoid litigating the specific facts because they know they're going to lose on the specific facts Mr. Scott, you're welcome to your rebuttal time Do you want to preserve your rebuttal time? Yes, please Thank you Ms. Hauser Good morning, Your Honor May it please the Court Yes, I'd like to begin with Section 7422A2 We think that this is a fairly simple case The arbitrage rebated issue falls within the any-sum language of Section 7422A We think the Supreme Court made it quite clear, and Clint Woodell coined it, that any sum applies to sums collected by the IRS pursuant to the Internal Revenue Code that are non-tax amounts And of course, if it is a tax amount, then 7422A obviously applies And so in either case, 7422A should be sufficient What about all the examples opposing counsel gave? Child support payments, student loan collections, all those sorts of things Most of those amounts are amounts that are not due under the Internal Revenue Code but due under some other source of law Nobody's required to pay child support pursuant to 26 U.S.C. The IRS is authorized to retain an overpayment of tax and to give that overpayment to the person who's owed child support I think usually the state agency In those cases, the IRS is acting as an agent And under that section of the Internal Revenue Code 6402 the IRS is...the person who didn't receive their tax refund can't sue the IRS for it They have to sue the person who is holding the money the state child support agency They'd be suing through the...whatever the system is for suing for recovery on federal student loans rather than suing through 7422 in the system for recovering amounts paid pursuant to the Internal Revenue Code Is the IRS acting as an agent at that particular point in time for the person who is to receive those payments? I think so, yes So an agency relationship would need to be established if in fact the payments are not made after they're collected So let's assume for the moment that a person who owes child support under a state-ordered child support agreement and they fail to pay it The IRS has the opportunity to deduct any payments from any tax refunds that would be due to that particular individual Are they then acting as an agent for the individual who is to receive those funds? At least for the state or local government Yeah, I think so I mean, the IRS doesn't have independent authorization It's depending on the... It's only pursuant to the court order Exactly And you need to have that court order imposed Right And that is not really a tax payment at that point in time Exactly So it is converted to a non-tax payment If it's not paid, would the individual who is to receive that payment need to file a claim against the IRS under 7422? Would they have to exhaust their administrative remedies at that point? Let me make sure I'm following you You mean if the IRS fails to pay it over to the state agency? Right I think that that person would have to sue the state agency If they are arguing, I suppose they would have to file a claim under 7422A if the IRS had failed to turn it over to the state agency Or an APA challenge Excuse me Or an APA challenge An APA challenge the agency failed to perform Right, but in those cases, I'm not sure the IRS would be authorized to retain the money I mean, the IRS is only authorized to turn it over to the other places They're an agent Right To receive the funds, to withhold the funds and then pay it over In most of these cases, the funds are received through withhold You know, employer-based withholding And then there's an overpayment and there would be a tax refund So they come into the system through the ordinary tax system If the claim was, I'm entitled to a refund of tax because you didn't give me a tax refund And you didn't do anything else you're authorized to with the money Then that's a claim for a tax refund And you would be required to file an administrative claim and go through 7422A Does 6532A only apply to taxpayers? I believe it does not What language in there, I mean, it says explicitly to the taxpayer So what language would you suggest extends the reach of that to non-taxpaying entities as well? Well, it also includes the same triple language that's in 7422A where it refers to any tax penalty or other sum Yes, but to a tax, to, by, let's see, where's the exact language? Notice of mailing the secretary to a taxpayer It does talk about a notice of mailing to a taxpayer So the to the taxpayer modifies all three of those, any sum, any penalty, any tax? Well, the to the taxpayer is the notice of disallowance that's being sent Correct, which would apply to any of the three sums that you just articulated I think that the There is a notice that's required with regard to any of those, right? Yes, I agree I think that the analysis of the word taxpayer in 6532A would have to follow the analysis of the word taxpayer in 6511A As the Supreme Court articulated it in Williams Where the government actually went to the Supreme Court arguing that the word taxpayer in 6511A was a limiting constraint on who could bring suit And the Supreme Court said that the word taxpayer in 6511A couldn't bear that weight And that it was, that 6511A was open to more than taxpayers So I think that the word taxpayer in 6532A, which is a related statute, would be susceptible to the same analysis That it can't bear the weight of functioning as a limitation And that it just functions just like 6511A as a type of statute of limitations So the IRS's position would be that, the government position, that 6532A would have to be complied with as well It isn't the case that strategic housing could file the administrative remedy and then right away file a CFC They have to wait the six months We think they have to wait the six months And that would effectuate the purpose of 7422A Which is to give the administrative agency a chance to look at this very technical issue before throwing it to a court See if there's, obviously, if they were to file a case in court the next day The agency would not have had the opportunity to actually review that claim I can appreciate the policy perspective of why you might want to do it But the language to the taxpayer clearly modifies all three sums in the statute I find that argument so compelling That's why the government made it to the Supreme Court in the Williams case But it was not accepted there And the court found that the language taxpayer was not sufficient The word taxpayer in that statute was not sufficient to act as a limitation there So I think that same analysis would apply here And now that we have the Glynwood-Elkhorn analysis of the three-part language in 7422 The any-sum language The question is if taxpayer limits 6532A to taxes What does that other-sum language in 6532A do? So making 6532A applicable to non-tax sums that fall within 7422A Would reconcile Williams and Glynwood-Elkhorn with the language of those three statutory provisions Can I move you to the issue of the acceleration of the rebate payment? You can ask me about it but I just don't think it's at issue at this junction Why is that? Well, the bond issuer here is asking for a refund Either because it's a deposit In which case it doesn't matter whether the acceleration was justified or not If it's an immediately refundable deposit under New York Life and Rosenman They'd just get it back even if the acceleration was totally justified And otherwise if it's not a deposit then we think 7422A applies And therefore there's no jurisdiction But even if the court were to determine that there was jurisdiction here Then the matter should be remanded for consideration of the merits issue The acceleration issue Why should it be remanded? It seemed to me that Judge Sweeney held that the secretary had unfettered jurisdiction And therefore there was nothing for her to review with regard to the acceleration That the acceleration decision could be made on a whim of the secretary I don't believe we defended that aspect of the lower court's opinion Would that be the government's position if that was the issue in front of us? If we have jurisdiction over the acceleration For example if it was an established APA claim or something like that Would the government's position be that the secretary has unfettered jurisdiction Which has no business being reviewed by the court? I think that in an APA case that the typical APA standards would apply The secretary certainly has a certain degree of discretion But it's not totally unfettered and the decision can't be made on a whim And also once the secretary, even if it was unfettered discretion Has chosen to enact regulations Then the regulations would be reviewable by the court Because the secretary has established Yes, I completely agree I just want to make sure I'd just like to emphasize again the difficulties, the problems that would arise If the amount, if these arbitrage rebates were to be construed as deposits We emphasized in our brief that the section 148F Which requires these arbitrage rebate payments Repeatedly calls them payments And the other problem is that these amounts are in fact presently due and owing Under that, due to be paid to the government Under that statute at the time, at these five year periods Or whenever the computation dates arise If the amounts were construed as deposits Deposits under Resolvent in New York Life Are amounts that are not due and owing to the government At the time they are paid And are not applied directly to the taxpayer's account Resolvent in New York Life are of course just about taxes So if we had a situation where these were deposits These were all deposits and couldn't be applied to the bond issuer's account It's not clear how the administrative process would continue to work And how these bond issuers would be able to maintain the tax exempt status of their bonds Obviously that would implicate the tax liability of the bond holders And presumably some resolution would attempt The government would attempt to find some resolution Rather than immediately hauling all the bond holders into tax court But it's just not clear how that system would work out If these amounts couldn't be construed as payments Does New York Life, would it require us to determine Whether or not the payments are The rebates are deposits Are we required to look at New York Life And make a determination as to whether or not The payments are a deposit Or can we sidestep that The bond issuer here is arguing that this is a tax Well it's not clear to me what If he's arguing that it's a tax not a deposit Then of course you could say he's not arguing that it's a deposit anymore If he is arguing that it's a deposit Then New York Life says that 7422A doesn't apply in cases of deposits So then even if 7422A generally would apply to non-tax amounts Then it would be necessary to look at the question of whether it's a deposit Would we have to then make the determination that it's not a deposit I believe so, yes If there are no further questions I'd like to ask the panel to affirm the order dismissing form Without preface Thank you Thank you Mr. Scott Let me first address the remedies The Internal Revenue Service had a different remedy Other than taxing bondholders for years and decades And that was the disqualification of issuers And that's why when the rebate provision originally was enacted in the 80s There was no examination program The examination program didn't come in until the 90s And the way the Internal Revenue Service handled rebates Was basically, or any sort of arbitrage violation Was simply to say we're not going to go after the bondholders If there's some problem If you didn't remit the right amount Why don't you violate some arbitrage principle We were simply going to The Internal Revenue Service would simply disqualify the issuer From issuing further taxes and bonds And that's something clearly They ended up taking out of the regulations in the 90s But could easily put back into the regulations If they're concerned about a holding on deposit issue Let me also mention quickly Because I don't think I addressed this in the brief And it hasn't been addressed today I can only answer what was raised during Kelly's argument Well it's on 7422, the application of 7422 And the issue as to whether there should be How broadly it should apply And whether perhaps only exclusions would be statutory exclusions And there is a statutory exclusion in 7426F But this court in Gordon, 649 Ft. 2nd. 837 Looked at that and said that statutory exclusion Was simply put in there Because there was some misunderstanding As to whether or not the district court Those district court actions had to have a claim filed But there have been There's the Kirkendall case Ralston, Steele, economy planning All these cases went forward without a claim being filed Because they were non-taxpayer claims Treated as non-taxpayer actions Even though these were actions That were based upon the Internal Revenue Code These were third party levy actions And so if all of those cases still have authority Which I believe they do Then the position that if anything Anything that comes out of the Internal Revenue Code Has to be subject to this claim requirement All of those cases would have to be reversed And also, again, just on Radio Shack Radio Shack said 6511 and 7422 work together And Clint Woodall said that And again, they cannot apply 6511 in this case With respect to installment remittances of arbitrage rebate Because the computation itself Is a 30 year or more computation And it's clear that they cannot That the amounts that is due Is not known until the bonds are retired And therefore the computation can't be ended And a 6 year statute or a 3 year statute can't be applied Every 5 years Thank you Thank you Mr. Scott The case is submitted Thank you